[No. A110076. First Dist., Div. Five. Mar. 21, 2006.]

THE PEOPLE, Plaintiff and Appellant, v.
HORACE WILLIAM CHAPPLE, Defendant and Respondent.

542

**COUNSEL**

Kamala Harris, District Attorney, and Thomas J. Wallace, Assistant District Attorney, for Plaintiff and Appellant.

L. Richard Braucher, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**SIMONS, J.**—The trial court granted a motion by defendant Horace William Chapple (respondent) to set aside the information (Pen. Code,[1] § 995) charging him with possession of body armor by a felon (§ 12370, subd. (a)) (hereafter § 12370(a)), on the ground that opinion evidence offered by a police officer was inadmissible, and, as a consequence, there was insufficient evidence that the item the police seized was body armor as defined in section 12370(a). The People appeal contending the police officer's testimony was proper lay opinion. We reject the contention and affirm.

BACKGROUND

Defendant was charged with being an ex-felon in possession of body armor in violation of section 12370(a).[2] That section relies on title 11, section 942, subdivision (e) of the California Code of Regulations, for the definition of body armor, which provides: " 'Body armor' is popularly called a 'bulletproof vest.' For purposes of these regulations, 'body armor' means those parts of a complete armor that provide ballistic resistance to the penetration of the test ammunition for which a complete armor is certified. In certain models, the body armor consists of ballistic panels without a carrier. Other models have a carrier from which the ballistic panels may be removed for cleaning or replacement."

The following evidence was adduced at the preliminary hearing:

---

[1] All undesignated section references are to the Penal Code.

[2] Section 12370(a) provides: "Any person who has been convicted of a violent felony, as defined in subdivision (c) of Section 667.5, under the laws of the United States, the State of California, or any other state, government, or country, who purchases, òwns, or possesses body armor, as defined by section 942 of title 11 of the California Code of Regulations, except as authorized under subdivision (b), is guilty of a felony, punishable by imprisonment in a state prison for 16 months, or two or three years."

San Francisco Police Officer David Brandt testified that on March 11, 2004, police executed a search warrant at respondent's San Francisco apartment. Officer Brandt said that during the search a vest was found inside a downstairs bedroom on the closet door. Sergeant Evanson took the item into custody.

After Officer Brandt testified that he saw the seized vest, the following colloquy ensued:

"[THE PROSECUTOR]: So can you describe for the record what you saw?

"[OFFICER BRANDT]: It was just a body armor vest, bullet proof vest.

"[THE PROSECUTOR]: How do you know what a bullet proof vest looks like?

"[OFFICER BRANDT]: I have been around them all my life. My brother was a police officer. I remember the first one he brought home; prior military, and all total about 14 years of law enforcement experience.

"[THE PROSECUTOR]: Do you also wear a bullet proof vest underneath?

"[OFFICER BRANDT]: Yes I do."

San Francisco Police Inspector Richard Daniele testified that following respondent's arrest and after waiving his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602]), respondent said he purchased the seized vest on the street for $40 "for protection."

At the conclusion of the preliminary hearing, respondent argued there was insufficient evidence to support a finding on the section 12370(a) charge. The following colloquy ensued between the court and counsel:

"[DEFENSE COUNSEL]: There should have been some sort of testing or expert opinion regarding this body armor to show whether or not in fact it is the type prohibited by the Penal Code. And without that, it is not sufficient for them to go forward with this charge.

"THE COURT: All right. Counsel?

"[THE PROSECUTOR]: Your Honor, although we did not specifically qualify the witness as an expert, I believe his 20 plus years of experience as an officer, his [brother] joining—showing him a vest as a young boy, he wears one every day—

"[THE COURT]: Do you think he would have qualified as an expert for those purposes?

"[THE PROSECUTOR]: Absolutely for identifying what appeared to him to be a bullet proof vest, yes; in terms of ballistic testing, no.

"[THE COURT]: I don't think that is counsel's point. I think her point is you needed some sort of an expert to tell you the composition of the vest and whether or not it is up to standards, whatever they might be. I don't think that witness would have—the only thing I am going to state is I don't think that witness would have been able [to] qualify for that type of expertise. [¶] . . . [¶] All right. I did note—I noted on the record the witness did testify that he has grown up with these types of materials in the household; his [brother] was a police officer; he is a police officer; he wears these types of things. For purposes of preliminary hearing, I think that meets it."

The magistrate (Judge Haines) then ruled that Officer Brandt's testimony was sufficient for purposes of the preliminary hearing, and held respondent to answer on the charge.

Thereafter, respondent moved to set aside the information pursuant to section 995, and the court (Judge Breall) granted the motion. The People filed a timely appeal from the order.

DISCUSSION

■ To prevail on a section 995 motion to set aside an information, the defendant must establish that he was "committed without reasonable or probable cause." (§ 995, subd. (a)(2)(B).) To establish probable cause sufficient to withstand a section 995 motion to dismiss, the People must make some showing as to the existence of each element of the charged offense. (*Thompson v. Superior Court* (2001) 91 Cal.App.4th 144, 148–149 [110 Cal.Rptr.2d 89].) "Evidence that will justify a prosecution need not be sufficient to support a conviction. [Citations.] ' "Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." ' [Citations.] An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.]" (*Rideout v. Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].) "[T]he showing required at a preliminary hearing is exceedingly low." (*Salazar v. Superior Court* (2000) 83 Cal.App.4th 840, 846 [100 Cal.Rptr.2d 120].) An information should be set aside "only when there is a total absence of evidence to support a necessary element of the offense

charged." (*People v. Superior Court (Jurado)* (1992) 4 Cal.App.4th 1217, 1226 [6 Cal.Rptr.2d 242].) The requisite showing may be established by circumstantial evidence. (*Ibid.*)

Thus, the prosecution's burden of persuasion at a preliminary hearing is far lower than at trial. But the rules on the admissibility of evidence at that hearing are governed by the Evidence Code. Evidence Code section 300 provides, "Except as otherwise provided by statute, this code applies in every action before the . . . superior court, including proceedings in such actions conducted by a referee, court commissioner, or similar officer, but does not apply in grand jury proceedings." With certain discrete exceptions, not relevant here,[3] these rules are identical to the rules governing the admissibility of evidence at trial.

In reviewing a section 995 motion, we " 'disregard[] the ruling of the superior court and directly review[] the determination of the magistrate.' [Citations.] We conduct an independent review of the evidence, but will not substitute our judgment for that of the magistrate as to the credibility or weight of the evidence. [Citations.]" (*People v. San Nicolas* (2004) 34 Cal.4th 614, 654 [21 Cal.Rptr.3d 612, 101 P.3d 509].) "[I]f there is some evidence to support the information, the court will not inquire into its sufficiency. [Citations.] Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. [Citations.]" (*Rideout v. Superior Court, supra,* 67 Cal.2d at p. 474.) " 'We review the evidence in support of the information to determine whether as a matter of law it is sufficient, not whether the trial court's ruling was reasonable. [Citations.]' " (*Salazar v. Superior Court, supra,* 83 Cal.App.4th at p. 842, quoting *People v. Superior Court (Jurado), supra,* 4 Cal.App.4th at p. 1226.)

■ In this case, the validity of the holding order depends upon the admissibility of Officer Brandt's opinion that the seized vest was "a body armor vest." Opinion testimony is generally inadmissible at trial. (*People v. Torres* (1995) 33 Cal.App.4th 37, 45 [39 Cal.Rptr.2d 103]; *People v. Williams* (1992) 3 Cal.App.4th 1326, 1332 [5 Cal.Rptr.2d 130]; 1 Witkin, Cal. Evidence (4th ed. 2000) Opinion Evidence, § 1, p. 528.) Two exceptions to this rule exist. First, a properly qualified expert, with "special knowledge, skill, experience, training [or] education" may provide an opinion. (Evid. Code, § 801, subd. (b).) The subject matter of such an opinion is limited to "a subject that is sufficiently beyond common experience that [it] would assist the trier of fact." (*Id.,* subd. (a).) "Expert opinion is not admissible if it consists of

---

[3] Penal Code section 872, subdivision (b), for example, allows certain otherwise inadmissible hearsay statements to be introduced at the preliminary hearing and Penal Code section 872.5 exempts preliminary hearings from the secondary evidence rule, commencing with Evidence Code section 1520.

inferences and conclusions which can be drawn as easily and intelligently by the trier of fact as by the witness. [Citation.]" (*Torres*, at p. 45.) "[T]he decisive consideration in determining the admissibility of expert opinion evidence is whether the subject of inquiry is one of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness or whether, on the other hand, the matter is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact." (*People v. Cole* (1956) 47 Cal.2d 99, 103 [301 P.2d 854].) Thus, the purpose of expert testimony, to provide an opinion beyond common experience, dictates that the witness possess uncommon, specialized knowledge.

 Lay opinion is also admissible, but it plays a very different role than expert opinion and is subject to different rules of admissibility. " 'Lay opinion testimony is admissible where no particular scientific knowledge is required, or as "a matter of practical necessity when the matters . . . observed are too complex or too subtle to enable [the witness] accurately to convey them to court or jury in any other manner." [Citations.]' [Citation.]" (*People v. Williams, supra,* 3 Cal.App.4th at p. 1332.) It must be rationally based on the witness's perception and helpful to a clear understanding of the witness's testimony. (Evid. Code, § 800; *People v. Farnam* (2002) 28 Cal.4th 107, 153 [121 Cal.Rptr.2d 106, 47 P.3d 988]; *People v. Maglaya* (2003) 112 Cal.App.4th 1604, 1609 [6 Cal.Rptr.3d 155].) For example, testimony that another person was intoxicated (*People v. Garcia* (1972) 27 Cal.App.3d 639, 643 [104 Cal.Rptr. 69]) or angry (*People v. Deacon* (1953) 117 Cal.App.2d 206, 210 [255 P.2d 98]) or driving a motor vehicle at an excessive speed (*Jordan v. Great Western Motorways* (1931) 213 Cal. 606, 612 [2 P.2d 786]) conveys information to the jury more conveniently and more accurately than would a detailed recital of the underlying facts. But unlike an expert opinion, the subject matter of lay opinion is "one of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness," and requires no specialized background. (*People v. Cole, supra,* 47 Cal.2d at p. 103.)

In this case, Officer Brandt was not offered as an expert witness at the preliminary hearing. Following the officer's testimony, the magistrate expressly ruled that Officer Brandt did not qualify as an expert as to the "composition" of the seized vest and "whether or not it is up to standards, whatever they might be."[4] And the People do not challenge that ruling on

---

[4] In this appeal, we are not called upon to review the magistrate's decision that the foundational facts introduced failed to establish that Officer Brandt was an expert. We note, however, that expertise can be proven by "special knowledge, skill, experience [and] training" in addition to education. (Evid. Code, § 801, subd. (b).)

appeal. Instead, the People argue that bulletproof vests, like firearms, are sufficiently within common experience to be identified at trial by lay witnesses. We disagree.

The *Williams* case is instructive. In *Williams,* an officer testified regarding his knowledge, training and experience to administer and evaluate the horizontal gaze nystagmus (HGN) test. The appellate court concluded that the officer was not qualified to give an expert opinion that the appellant's responses to that test were caused by alcohol consumption, and rejected the argument that the opinion qualified as a lay opinion. (*People v. Williams, supra,* 3 Cal.App.4th at p. 1333.) "If [the officer's] opinion that appellant was under the influence of alcohol was based solely on [appellant's slurred speech, unsteadiness and the odor of alcohol] it would be admissible as lay opinion. Here, however, . . . [the officer's] opinion was based in some part on his administration of HGN testing and his interpretation of appellant's response to the testing stimulus. He drew a conclusion from the testing only because of his knowledge, training, and experience which was clearly beyond common experience. Matters beyond common experience are not proper subjects of lay opinion testimony." (*Williams,* at pp. 1332–1333.)

Here, the magistrate, after determining that Officer Brandt's knowledge and experience were insufficient to qualify him as an expert, relied on that knowledge and experience to admit the opinion. As *Williams* clarifies, however, we do not have a third category of admissible opinions provided by highly experienced, nonexpert, lay witnesses. Lay opinion testimony may rest only on common experience,[5] which is inadequate to support the opinion required here.

■ The crime charged consists of elements incapable of determination by the trier of fact without the assistance of an expert.[6] The body armor proscribed by section 12370(a) must be certified based on its "ballistic

[5] Where a lay opinion is otherwise admissible, the witness's experience may affect the weight of the testimony. " 'A person *having the opportunity to observe* the speed of a moving vehicle is qualified to give his opinion as to such speed, and his previous experience or lack of experience *goes to the weight rather than to the competency of the testimony.*' " (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1307 [283 Cal.Rptr. 382, 812 P.2d 563].)

[6] Because neither party contends that Officer Brandt was qualified as an expert in this case, there is no need to address the types of information an expert can rely on in order to provide the opinion required in a prosecution of this nature. The apparent assumption in the People's brief that a prosecution expert would be obligated "to scientifically test body armor in order to survive a preliminary hearing" is unfounded. The expert may, of course base an opinion on personal observation, including experiments conducted personally by him or her. But the Evidence Code also permits the expert to rely on "matter . . . made known to him at or before the hearing, whether or not admissible, that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates . . . ." (Evid. Code, § 801, subd. (b).)

resistance to the penetration of . . . test ammunition." (Cal. Code Regs., tit. 11, § 942, subd. (e).) Clearly, whether or not the vest seized in this case met such certification standards involved concepts beyond common experience, and, thus, was a proper subject for expert testimony, but not for a lay opinion. We agree with Judge Breall that the magistrate's determination was erroneous and that the information was properly set aside.

DISPOSITION

The order is affirmed.

Jones, P. J., and Gemello, J., concurred.

An April 12, 2006, the opinion was modified to read as printed above.