# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Richardson*, 2013 IL App (2d) 120119

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JARON R. RICHARDSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0119 |
| Filed | August 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In defendant's trial on a charge of unlawful possession of a weapon by a felon while wearing body armor, the trial court properly admitted the testimony of a police officer that the vest defendant was wearing when he was arrested was "body armor," notwithstanding defendant's contention that the officer's lay opinion went to an ultimate issue in the case without providing any basis for his conclusion and should have been excluded, since the officer did not merely offer his opinion but, rather, explained the basis for his conclusion, and such testimony was not objectionable because it embraced an ultimate issue, especially when even an average person knows what a bulletproof vest is. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 10-CF-4037; the Hon. Theodore S. Potkonjak, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and Aline Dias, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Zenoff and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1    Following a jury trial, defendant, Jaron R. Richardson, was convicted of unlawful possession of a weapon by a felon while wearing body armor (720 ILCS 5/24-1.1(a), (e) (West 2010)). He appeals, contending that (1) the trial court erred by admitting a lay opinion that the vest defendant was wearing was "body armor," and (2) to the extent that trial counsel allowed witnesses to testify without objection that defendant wore body armor, counsel was ineffective. We affirm.

¶ 2    At trial, Waukegan detective Brian Bradfield testified that he and two other officers were patrolling near the intersection of Belvidere and Lincoln. Bradfield saw someone walk into a fenced area behind an auto repair shop. The man he saw (later identified as defendant) was wearing a knee-length coat and clutching his arm to his chest.

¶ 3    The driver of the police vehicle, Officer Francisco Cancino, turned it around. The officers saw defendant emerge from an alley and walk down the sidewalk on Lincoln. They drove along beside him, separated by a line of parked vehicles. One of the vehicles was a large truck. As defendant walked past the truck, the officers could still see his feet underneath it. Defendant stopped near the rear axle. Cancino stopped the car. Two of the officers got out and identified themselves as police. They heard a loud metallic sound and defendant took off running. Bradfield and Officer Murauskes chased him through a parking lot, eventually catching him in a yard, where they placed him under arrest. The officers retraced the path of the chase, looking for any contraband that might have been dropped. Back at the truck, they found a shotgun resting on the gas tank beneath the passenger-side door.

¶ 4    Officer Mallory Baker arrived and transported defendant to the police station. In the booking room, Baker had defendant undress. When defendant took off his sweatshirt, Baker noticed that "he was wearing a bullet-proof vest." Baker and Cancino both testified that the vest was like ones they wore daily. (The vest was admitted into evidence without objection.) Specifically, Cancino testified that the vest had "trauma plates" to cover vital organs. He removed a blue insert from the portion of the vest that would cover the center of the chest. The purpose of the inserts was "to stop bullets."

¶ 5    Cancino stated that he served in the Army before becoming a police officer. There, he wore a flak jacket, which is basically the same thing except that it is worn over clothing. When the prosecutor asked whether the vest was meant to be worn under clothing, the defense objected. During a sidebar, the court stated that one did not have to be an expert to know how a bulletproof vest works, but the court allowed the State to begin qualifying Cancino as an expert. After a further objection, the court reiterated its original ruling that expert testimony was not necessary.

¶ 6    Cancino continued that he would describe the item as a bulletproof vest and as "soft body armor." The vest was lightweight and flexible and could be worn under clothing. The parties stipulated that defendant had previously been convicted of a felony. During closing argument, the prosecutor read from the vest's label, which stated that it was made by American Body Armor.

¶ 7    The jury found defendant guilty. After denying his posttrial motion, the court sentenced him to 17 years' imprisonment. Defendant timely appeals.

¶ 8    Defendant contends that the trial court erred by allowing Cancino to give his lay opinion that the vest in question was body armor. Defendant argues that Cancino was improperly allowed to usurp the jury's function on an ultimate issue in the case. He alternatively contends that, to the extent that defense counsel allowed witnesses to testify without objection about the nature of the vest, counsel was ineffective.

¶ 9    Defendant was charged with unlawful possession of a weapon by a felon. To convict him of this offense, as charged here, the State had to prove that defendant possessed on or about his person "any firearm or any firearm ammunition if the person has been convicted of a felony." 720 ILCS 5/24-1.1(a) (West 2010). Further, the State sought to enhance the offense to a Class X felony with a minimum sentence of 10 years' imprisonment by virtue of the fact that defendant committed the offense while wearing body armor. 720 ILCS 5/24-1.1(e) (West 2010). The Criminal Code of 1961 (Code) defines "body armor" in several ways. The definition applicable here is "[s]oft body armor which is made of Kevlar or any other similar material or metal or any other type of insert and which is lightweight and pliable and which can be easily concealed under a shirt." 720 ILCS 5/33F-1(a)(2) (West 2010).

¶ 10   Whether to admit evidence lies within the sound discretion of the trial court and its ruling will not be reversed unless that discretion was clearly abused. *Klingelhoets v. Charlton-Perrin*, 2013 IL App (1st) 112412, ¶ 44. Generally, lay witness opinion is admissible where the facts could not otherwise be adequately described to the fact finder so as to allow the fact finder to reach an intelligent conclusion. *People v. Novak*, 163 Ill. 2d 93, 102 (1994). While a lay witness should not be permitted to testify to a legal conclusion at issue (see *Town of the City of Bloomington v. Bloomington Township*, 233 Ill. App. 3d 724, 735 (1992)), a lay witness may express an opinion on an issue if that opinion will assist the trier of fact. *Novak*, 163 Ill. 2d at 102. Accordingly, as long as the opinion is based on the witness's personal observation, is one that a person is generally capable of making, and is helpful to a clear understanding of an issue at hand, it may be admitted. *Id.*

¶ 11   In line with these principles, the Illinois Rules of Evidence now provide:

"If the witness is not testifying as an expert, the witness' testimony in the form of

opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge ***." Ill. R. Evid. 701 (eff. Jan. 1, 2011).

¶ 12    Lay witnesses may testify about the nature of a substance they observe and with which they are familiar, and the testimony may take the form of a conclusion as to what the substance was. Michael H. Graham, Graham's Handbook of Illinois Evidence § 701.5, at 624 (10th ed. 2010). Thus, in *People v. Ward*, 154 Ill. 2d 272 (1992), a police detective was allowed to opine, based on his prior experience, that a substance on the defendant's face was brain matter. *Id.* at 296 (testimony was proper although defendant successfully objected to it and trial court ordered jury to disregard). In *People v. Halley*, 131 Ill. App. 2d 1070, 1073 (1971), patrons of a club were allowed to opine that the object the defendant wielded was a gun, and their testimony was sufficient to sustain the defendant's conviction of unlawful use of a weapon. Here, Cancino opined that the vest in question was body armor based on his experience with having worn body armor both as a police officer and as a member of the military. He examined defendant's vest and explained to the jury how it worked. Thus, the trial court reasonably held that the evidence was admissible to aid the jury in deciding whether the vest was body armor.

¶ 13    Our research has uncovered no case specifically holding that a police officer's lay opinion that a given item is body armor is admissible. However, such evidence has been cited in several opinions. The State cites *Haggard v. State*, 771 N.E.2d 668 (Ind. Ct. App. 2002), where the court rejected the defendant's contention that the Indiana statute prohibiting the use of body armor while committing a felony (Ind. Code § 35-47-5-13 (1998)) was unconstitutionally vague. The court noted that the defendant's argument was based largely on hypothetical situations, but, citing an officer's testimony that body armor had been sewn into the front and back of the defendant's shirt, held under the specific facts of that case that the statute was not vague as applied to the defendant. *Haggard*, 771 N.E.2d at 674.

¶ 14    In *People v. Eddy*, No. 95370, 2011 WL 1638900 (Ohio Ct. App. Apr. 28, 2011), the reviewing court accepted the lay opinions of two officers that the defendant had been wearing a bulletproof vest. Specifically, the court stated:

> "The state presented the testimony of Officer Leonard Butler, who testified that based on his training and experience, he was familiar with bulletproof vests; '[he] wore one every day.' While he was patting Eddy's chest for safety purposes, he felt the vest and knew it was a bulletproof vest.
>
> Detective Sowul identified the vest in court and testified that it 'appear[ed] to be a ballistic vest made by the Second Chance Company.' He then proceeded, at the state's instruction, to open the vest in front of the jury, which confirmed that it was manufactured by Second Chance. Detective Sowul then opened the panel of the 'carrier,' the outer part of the vest, to reveal the 'actual ballistic panel,' which he explained provides the protection from bullets. He further explained that the label of the vest stated that it was a 'Tri Flex' vest made by Second Chance Body Armor Company, and was a 'Level II body armor, *** rated by the National Institute of Justice to stop a .37 Magnum

round as well as a 9 millimeter round.' " *Id.* ¶¶ 21-22.

That evidence, while somewhat more specific, was remarkably similar to Cancino's testimony.

¶ 15    Similarly, in *Jones v. Commonwealth*, 687 S.E.2d 738 (Va. 2010), the court held that the jury was entitled to rely on police officers' testimony that a vest worn by the defendant was a " 'bullet proof vest' " and " 'body armor.' " *Id.* at 742. Finally, in *Martinez v. State*, No. 03-10-00213-CR, 2010 WL 4670175, at *2 (Tex. Crim. App. Nov. 18, 2010), the court held that an officer's testimony that "he wears a similar type of body armor," based on a paper found in the vest characterizing it as a " 'bullet proof vest,' " was sufficient to support the defendant's conviction.

¶ 16    Of course, in none of those cases was the *admissibility* of the evidence challenged. The courts merely held that such evidence, admitted without objection, was sufficient to support the convictions. Defendant cites *People v. Chapple*, 41 Cal. Rptr. 3d 680 (Cal. Ct. App. 2006), which held that a police officer was not qualified to offer his opinion that a vest was a " 'body armor vest, bullet proof vest.' " *Id.* at 682. However, that case is distinguishable. The California statute at issue incorporated a regulatory definition of body armor that required the armor to be certified based on its " 'ballistic resistance to the penetration of test ... ammunition.' " *Id.* at 686 (quoting Cal. Code Regs. tit. 11, § 942(e)). The court held that whether the vest at issue met such certification standards involved concepts beyond common experience, and thus was not an appropriate subject for a lay witness opinion. *Id.* As noted, the Code contains no such technical requirements.

¶ 17    Despite its superficial similarity, we find *Chapple* distinguishable. On the other hand, the courts' unhesitating acceptance of similar testimony in support of the convictions in *Haggard*, *Eddy*, *Jones*, and *Martinez* supports our conclusion that Cancino's testimony here was admissible.

¶ 18    Defendant contends that Cancino's opinion should have been excluded because it went to an ultimate issue in the case and merely told the jury to decide the issue a particular way. See Michael H. Graham, Graham's Handbook of Illinois Evidence § 704.1, at 703-04 (10th ed. 2010). He complains that Cancino merely identified defendant's vest as "body armor" without providing any basis for concluding that this was so. We disagree.

¶ 19    Cancino testified that defendant's vest was of the same fit and style as the one Cancino wore daily. He removed inserts from the vest and testified that the inserts, or trauma plates, were intended to cover vital organs and, in his opinion, protected those areas from bullets. Thus, Cancino did not merely opine that the vest was body armor; he demonstrated for the jury why he thought the vest was body armor and explained the basis for that conclusion. Further, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Ill. R. Evid. 704 (eff. Jan. 1, 2011); see also *People v. Terrell*, 185 Ill. 2d 467, 496-97 (1998).

¶ 20    Defendant next contends that, because the vest was not submitted for scientific testing, it was impossible for the jury to conclude that it was not "fake body armor." Defendant refers to government studies finding that many items thought to contain Kevlar in fact contain inferior products.

¶ 21 Defendant's argument is pure speculation. He points to no evidence in the record to support a conclusion that his body armor was fake. As noted, Cancino removed plates from the vest and concluded that they were capable of stopping bullets. The vest itself was admitted into evidence, so the jury could draw its own conclusion about whether it was fake. Further, the vest is not part of the record on appeal, so we have no way to assess for ourselves the likelihood that it was fake. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (appellant must present sufficient record to support claim of error and doubts arising from incomplete record will be resolved against appellant).

¶ 22 At oral argument, defendant asserted that, because Cancino learned about body armor through his experience as a police officer, his opinion was based on specialized knowledge. We disagree. Specialized knowledge is knowledge beyond that of an average person. See *Hopkinson v. Chicago Transit Authority*, 211 Ill. App. 3d 825, 842 (1991) (citing Michael H. Graham, Cleary and Graham's Handbook of Illinois Evidence § 702.2, at 497 (5th ed. 1990)). Here, unlike in *Chapple*, no such knowledge was required for an opinion that defendant was wearing body armor. A lay witness necessarily draws on individualized experience. Although Cancino drew on his experience as a police officer, his opinion was still a lay opinion. See *Ward*, 154 Ill. 2d at 296. As the trial court noted, at least as the Code defines it, even an average person knows what a bulletproof vest is.

¶ 23 We determine that the evidence that defendant wore body armor was properly admitted. Thus, we need not discuss defendant's alternative contention that counsel was ineffective for failing to object to portions of the testimony.

¶ 24 The judgment of the circuit court of Lake County is affirmed.

¶ 25 Affirmed.