# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Lipscomb*, 2013 IL App (1st) 120530

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROLD LIPSCOMB, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-0530 |
| Filed | September 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was convicted of aggravating fleeing or attempting to elude a police officer and served his sentence of 18 months, but a review of the evidence showed that the State failed to prove that defendant was driving 21 miles per hour over the speed limit, the appellate court, pursuant to Supreme Court Rule 615(b)(4), reduced defendant's conviction to a misdemeanor of fleeing or attempting to elude a police officer with a sentence of 365 days served. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-5399; the Hon. James L. Rhodes, Judge, presiding. |
| Judgment | Vacated in part; judgment modified. |

Counsel on Appeal      Michael J. Pelletier, Alan D. Goldberg, and Jonathan Yeasting, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Jon Walters, and Thomas Hyland, Assistant State's Attorneys, of counsel), for the People.

Panel      JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Harris and Simon concurred in the judgment and opinion.

## OPINION

¶ 1      Following a bench trial, defendant Jerold Lipscomb was convicted of aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a)(1) (West 2010)) and sentenced to 18 months in prison. On appeal, the defendant asserts the State did not sufficiently prove beyond a reasonable doubt the aggravating factor of traveling at least 21 miles per hour over the legal speed limit. We vacate defendant's conviction and enter judgment of conviction on the lesser charge of misdemeanor fleeing or attempting to elude a police officer.

¶ 2      At trial, Detective M. Coleman testified that on February 20, 2010 at approximately 3 a.m. he responded to a call of multiple shots fired in the area of 142nd and Grant Streets in Dolton, Illinois. Coleman was in full uniform and driving an unmarked squad car, equipped with emergency lights, which was inspected prior to his tour. After arriving on the scene, he turned off Grant Street and began going eastbound on Anne Street, heading toward Oak Street. While approaching Oak Street, Coleman observed a dark-colored car occupied by three black males and driven by defendant traveling south on Oak Street. The car turned westbound on Anne Street, almost striking Coleman's vehicle. Coleman made a U-turn, positioned his car behind defendant's car, and activated his emergency lights in an attempt to curb the car. At some point during the pursuit, Coleman looked at his speedometer and it read 55 miles per hour. He testified the speed limit in this residential area "was 15 to 20 miles per hour." Coleman did not offer any testimony relating to defendant's speed during the pursuit. Defendant did not curb his car, and Coleman radioed other officers to inform them that he was pursuing defendant. Coleman caught up to defendant's car after driving "more than half a block" on Anne Street, and pursued him for another half block southbound on Grant Street. Two marked squad cars responded to Coleman's radio broadcast and assisted Coleman in boxing in defendant's car, with one squad blocking the front end, a second squad blocking the back end, and then Coleman pulling up along the driver's side of defendant's car.

¶ 3    After defendant's car was stopped, he observed defendant hand the backseat passenger a foot-long semiautomatic submachine gun. The passenger jumped out of the car and ran into a nearby yard. Coleman pursued the passenger, but never apprehended him; however, the gun was recovered. The court acquitted defendant of charges relating to the gun, but convicted him of aggravated fleeing or attempting to elude a police officer without explanation.

¶ 4    On appeal, defendant asserts the State failed to prove that he traveled at least 21 miles per hour over the legal speed limit where the State's sole witness, the arresting officer, gave ambiguous testimony about the speed limit of the location of the pursuit, only testified as to his speed while catching up to defendant, and failed to testify that the speedometer on his unmarked car was accurate. Defendant has already served his 18-month sentence, but asks the court to reverse the felony conviction and enter judgment on the lesser offense of misdemeanor fleeing or attempting to elude a police officer.

¶ 5    It is fundamental that the due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged. *People v. Carpenter*, 228 Ill. 2d 250, 264 (2008). When a defendant challenges the sufficiency of the evidence to sustain his conviction, the relevant question on review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011). The trier of fact determines the credibility of witnesses, the weight to be given to their testimony, and the reasonable inferences to be drawn from the evidence, and this court will not substitute its judgment for that of the trial court on these matters. *People v. Collins*, 214 Ill. 2d 206, 217 (2005). If, after a careful examination of the evidence, we "are of the opinion that the evidence is insufficient to establish the defendant's guilt beyond a reasonable doubt, we must reverse the conviction." (Internal quotation marks omitted.) *People v. Hernandez*, 312 Ill. App. 3d 1032, 1036 (2000). Although the determinations of the trier of fact are given great deference, they are not conclusive. *People v. Ortiz*, 196 Ill. 2d 236, 259 (2001). We will set aside a criminal conviction if "the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt." *Id.*

¶ 6    Aggravated fleeing or attempting to elude a police officer is committed "by any driver or operator of a motor vehicle who flees or attempts to elude a [police] officer, after being given a visual or audible signal by a [police] officer *** and such flight or attempt to elude *** is at a rate of speed at least 21 miles per hour over the legal speed limit." 625 ILCS 5/11-204.1(a)(1) (West 2010). Here, the only element in dispute is whether the evidence proved beyond a reasonable doubt that the defendant was traveling at least 21 miles per hour over the legal speed limit.

¶ 7    Coleman testified that the speed limit in the residential area where the chase occurred was 15 to 20 miles per hour. Therefore, for purposes of proving an element of the charged offense, the State had the burden to prove defendant's speed exceeded the speed limit (maximum 20 miles per hour) by 21 miles per hour, *i.e.*, defendant's speed was at least 41 miles per hour. The parties agree that proof of a defendant's speed has been established by means of a radar gun (*People v. Abdallah*, 82 Ill. App. 2d 312, 316 (1967)), by a stopwatch (*People v. Wilson*, 97 Ill. App. 3d 505, 507 (1981)), by pacing the defendant's vehicle

(*People v. O'Malley*, 356 Ill. App. 3d 1038, 1040 (2005)), or by direct testimony of an officer (*People v. Brown*, 362 Ill. App. 3d 374, 378 (2005)). The parties also agree no such testimony was presented at trial.

¶ 8     The only evidence relating to the speed of any vehicle is Officer Coleman's testimony about the speed of Coleman's car when he looked at his speedometer at some point after he made his U-turn and began pursuing the defendant. Although Coleman testified that his speedometer read 55 miles per hour during the pursuit, there is no evidence as to the period of time he drove at this speed, whether this was a constant speed during the pursuit or whether it was simply the speed to which he accelerated in order to catch up to defendant's car. Furthermore, there is no evidence dealing with the relationship of Coleman's and defendant's vehicles during the pursuit, whether defendant was pulling away from Coleman or whether Coleman was gaining on defendant, from which the trier of fact could reasonably infer defendant was traveling at least 21 miles per hour over the speed limit. Coleman only testified that he made a U-turn and pursued defendant's car for about a half block on Anne and a half block on Grant before the defendant was blocked by two other police vehicles. Without competent evidence that would reasonably tend to indicate the speed of defendant's vehicle, the State did not prove beyond a reasonable doubt that defendant was traveling at a rate of speed of at least 41 miles per hour.

¶ 9     In support of the conviction, the State argues this factual situation is "nearly identical" to that of *People v. Brown*, 362 Ill. App. 3d 374 (2005), where police officers observed a shooting and chased the defendant at an estimated speed of 60 to 70 miles an hour, while defendant's speed was estimated by the officers to be 70 to 80 miles per hour. *Id.* at 375-76. The issue in *Brown* was whether the State proved the defendant drove at a rate of speed at least 21 miles over the legal speed limit after becoming aware of a visual or audible signal to stop and, therefore, is not on point. However, *Brown* is instructive in that it recognizes the testimony of the officers that estimated defendant's excessive rate of speed and the observation that defendant at some point was pulling away from the pursuing officers. *Id.* at 377-79. There is no evidence in this record from which the trier of fact could reasonably infer or conclude any rate of speed of defendant during this incident, let alone that his vehicle's speed was more than 21 miles over the legal speed limit. The evidence presented is clearly unsatisfactory and does not constitute proof beyond a reasonable doubt of the excessive speed element of the offense charged.

¶ 10    Defendant moved for an outright reversal of his conviction in his opening brief; however, in his reply brief he requests this court to reverse the felony conviction and enter judgment on the lesser misdemeanor offense because he "has completed his eighteen-month sentence, including the accompanying term of supervised release" and "remand for re-sentencing would be superfluous." This issue of this court reducing the degree of offense under Illinois Supreme Court Rule 615(b)(3) was recently addressed by our supreme court in *People v. Kennebrew*, 2013 IL 113998.

        "Supreme Court Rule 615(b)(3) provides that '[o]n appeal the reviewing court may *** reduce the degree of the offense of which the appellant was convicted.' Ill. S. Ct. R. 615(b)(3). Under Rule 615(b)(3), '[a] reviewing court has the authority to reduce the degree of the offense of which a defendant was convicted when the evidence fails to

prove beyond a reasonable doubt an element of the greater offense.' *People v. Rowell*, 229 Ill. 2d 82, 98 (2008). '[S]tate and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of a judgment on a lesser-included offense.' *People v. Knaff*, 196 Ill. 2d 460, 477-78 (2001). Furthermore, '[t]he authority to order the entry of judgment on the lesser-included offense is both statutory and based on the common law; the constitutionality of the practice has never been seriously questioned.' *Id.* at 478." *Id.* ¶ 21.

¶ 11 A lesser included offense is one that is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2-9(a) (West 2010). "There are three methods for determining whether an offense is a lesser-included offense of another: (1) the abstract elements approach; (2) the charging instrument approach; and (3) the 'factual' or 'evidence' adduced at trial approach. [Citations.]" (Internal quotation marks omitted.) *People v. Kennebrew*, 2013 IL 113998, ¶ 28. Where the appellate court convicts a defendant of an uncharged offense through the exercise of its authority under Rule 615(b)(3), the charging instrument approach applies. *Id.* ¶ 53. "There are two steps to the charging instrument approach. First, the court determines whether the offense is a lesser-included offense. Next, the court examines the evidence at trial to determine whether the evidence was sufficient to uphold a conviction on the lesser offense. [Citation.]" *Id.* ¶ 30.

¶ 12 Clearly, fleeing or attempting to elude a police officer (625 ILCS 5/11-204(a) (West 2010)) is a lesser included offense of aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a)(1) (West 2010)). As set forth above, the evidence in the record is sufficient to uphold a conviction on fleeing or attempting to elude a police officer (625 ILCS 5/11-204(a) (West 2010)). Having found that the State failed to prove one of the requisite aggravating factors of felony aggravated fleeing or attempting to elude a police officer, we exercise our authority under Illinois Supreme Court Rule 615(b)(3) and vacate the conviction, reduce the degree of the offense of conviction and enter judgment against defendant on the lesser included offense of fleeing or attempting to elude a police officer, a Class A misdemeanor. 625 ILCS 5/11-204(a) (West 2010). Because defendant has already completed a sentence of 18 months in prison, which exceeds the maximum sentence allowed for the lesser offense of fleeing or attempting to elude a police officer, a misdemeanor, we exercise our authority under Illinois Supreme Court Rule 615(b)(4) to reduce defendant's sentence to 365 days, time served.

¶ 13 For the foregoing reasons, defendant's felony conviction for aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a)(1) (West 2010)) is vacated, and judgment of conviction is entered on the charge of misdemeanor fleeing or attempting to elude a police officer (625 ILCS 5/11-204(a) (West 2010)).

¶ 14 Vacated in part; judgment modified.