2021 IL App (1st) 180890-U

No. 1-18-0890

Second Division
February 23, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 17 CR 6974 |
| v. | ) | |
| | ) | |
| WILLIAM BELL, | ) | Honorable |
| | ) | Charles P. Burns |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's felony conviction for aggravated fleeing or attempting to elude a peace officer is reduced to misdemeanor fleeing or attempting to elude a peace officer where the evidence was insufficient to prove beyond a reasonable doubt that he willfully disobeyed two or more official traffic control devices.

¶ 2    Following a jury trial, defendant William Bell was convicted of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(4) (West 2016)) and sentenced to 33 months in prison. He now appeals, arguing that the State failed to prove his guilt beyond a

reasonable doubt because the evidence was insufficient to establish the alleged aggravating factor, namely that he knowingly disobeyed two or more official traffic control devices. Consequently, defendant asks this court to reduce his conviction to misdemeanor fleeing or attempting to elude a peace officer. For the following reasons, we agree with defendant and therefore reduce his conviction to fleeing or attempting to elude a peace officer, a Class A misdemeanor.

¶ 3                                    I. BACKGROUND

¶ 4      Following a traffic stop in May 2016, defendant was charged by information with one count of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(4) (West 2016)). The information alleged that defendant, having been directed to stop his vehicle by a peace officer's visual or audible signal, willfully failed to comply with that directive in a way that involved disobedience of two or more official traffic control devices.

¶ 5      At trial, Chicago police officer Kristopher Schultz testified that he and his partner were patrolling in uniform and in a marked police vehicle at around 10:30 p.m. on May 29, 2016. Near the intersection of West 79th Street and Vincennes Avenue, Schultz noticed a Chevy Cruze with an air freshener that was hanging from the rearview mirror and obstructing the driver's view. Schultz activated his emergency lights and curbed the Cruze. He then approached the vehicle on foot and asked the driver, whom he identified in court as defendant, for identification. Defendant produced an Illinois identification card, which Schultz used to run a "name check" on the computer located in his squad car.

¶ 6      Based on the results of the name check, Schultz reapproached defendant's vehicle with the intent to arrest him. Schultz asked defendant to lower his windows, which were tinted, and defendant complied. Schultz then asked defendant to step out of the vehicle, and defendant refused. Schultz asked a second time, and defendant again refused. After Schultz asked for a third time,

defendant began to roll up his window. Schultz pushed down on the window to keep it from closing and yelled at defendant to get out of the vehicle.

¶ 7     Defendant remained in the vehicle and drove away, traveling eastbound on West 79th Street. Schultz pursued with his emergency lights activated. Defendant turned southbound onto South Harvard Avenue, which Schultz testified was a one-way street going "[n]orthbound only." Defendant next turned eastbound onto West 80th Street, which Schultz testified was a one-way street going "[w]estbound only." Schultz did not follow defendant down West 80th Street, but instead decided to end his pursuit for "public safety reasons." Schultz made a U-turn in the intersection of South Harvard and West 80th Street, taking South Harvard northbound *en route* back to the police station.

¶ 8     Schultz did not see defendant again until April 26, 2017, when other officers arrested him and brought him to the police station following an unrelated traffic stop.

¶ 9     The State entered into evidence a video of the events as captured by the dash camera in Schultz's squad car. The video was played for the jury without objection. Schultz identified a still from the video depicting a "Do No Enter" sign on South Harvard Avenue alerting drivers that South Harvard is a one-way street traveling northbound. Schultz also identified another still depicting an extremely blurry "One Way" sign located on the southwest corner of South Harvard and West 80th Street. Schultz further identified a satellite image of the relevant area and placed an "X" on the approximate location of each sign. Lastly, Schultz drew arrows on the image to indicate the path of defendant's flight.[1]

---

[1] As a visual aid, this court has created a diagram of the relevant area based on the trial record. The diagram is attached to this order as Appendix A.

¶ 10    The defense rested without presenting evidence. Following closing arguments, the jury found defendant guilty of aggravated fleeing or attempting to elude a peace officer. Defendant filed a posttrial motion, which was denied. After a sentencing hearing, the court sentenced defendant to 33 months in prison. This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant argues only that the evidence was insufficient to sustain his conviction. When a defendant challenges the sufficiency of the evidence, a reviewing court must consider whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Gray*, 2017 IL 120958, ¶ 35. It is for the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *Id*. A reviewing court will not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or witness credibility. *Id*. However, this court will reverse a conviction if the evidence is so unreasonable, improbable, or unsatisfactory that it leaves a reasonable doubt of the defendant's guilt. *People v. Newton*, 2018 IL 122958, ¶ 24.

¶ 13    Relevant here, a defendant commits the misdemeanor offense of fleeing or attempting to elude a peace officer if he willfully fails or refuses to bring his vehicle to a stop when a peace officer gives a visual or audible signal to do so. 625 ILCS 5/11-204(a) (West 2016). The offense becomes aggravated if, in relevant part, the defendant disobeys two or more "official traffic control devices" while attempting to flee. 625 ILCS 5/11-204.1(a)(4) (West 2016). "Official traffic-control devices" include "[a]ll signs, signals, markings, and devices *** placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic." 625 ILCS 5/1-154 (West 2016).

¶ 14    In the case at bar, defendant does not contest that he fled from police or that he drove the wrong way down two one-way streets. Nor does he dispute that he disobeyed one official traffic control device by violating the "Do Not Enter" sign on South Harvard Avenue. Rather, defendant's sole argument is that the State did not introduce sufficient evidence to prove that he willfully disobeyed a second traffic control device.

¶ 15    We agree with defendant. Aside from the "Do Not Enter" sign, the only other official traffic control device in evidence was the "One Way" sign at the intersection of South Harvard and West 80th Street. A careful review of the dash camera video, however, reveals that the lettering and arrow on the "One Way" sign ran parallel to South Harvard.[2] Stated another way, the video shows that the sign was meant not to prevent drivers from turning eastbound onto West 80th Street, as defendant did, but to prevent westbound drivers from turning left *off* West 80th to go southbound (the wrong direction) on South Harvard. We note that this also aligns with common experience, because if the sign controlled West 80th Street, as the State contends, the sign would only be facing eastbound drivers who (like defendant in this case) were already going the wrong way down South Harvard. In any event, regardless of what may be wise urban planning, the dash camera footage establishes that defendant did not disobey the One Way sign by turning off South Harvard and onto West 80th Street.

¶ 16    In reaching this conclusion, we are mindful that the trier of fact's decisions on which inferences to draw from the trial evidence are ordinarily entitled to great deference on appeal.

---

[2] We note that in his brief on appeal, defendant included a Google Maps image of the intersection purportedly from October 2015 that shows a One Way sign running perpendicular to West 80th Street. However, we do not consider this image because it was not evidence presented to the jury. *People v. Perez*, 2020 IL App (1st) 153629-B, ¶ 34. Nor do we need to consider the image, as the dash camera video in evidence clearly shows the orientation of the sign.

*People v. Brown*, 2013 IL 114196, ¶ 48. However, where, as here, the trier of fact's findings are based on nontestimonial evidence such as photographs and videos, those findings are not entitled to any deference. *People v. Dixon*, 2015 IL App (1st) 133303, ¶ 20. As previously explained, the dash camera video in this case clearly shows that defendant did not violate the "One Way" sign by turning, albeit the wrong way, onto West 80th Street. Moreover, the still of the "One Way" sign is essentially of no evidentiary value, as it is far too blurry to tell which way the sign is oriented. Accordingly, no rational trier of fact could have found that defendant willfully disobeyed two or more official traffic control devices beyond a reasonable doubt.

¶ 17    Having found that defendant's conviction for aggravated fleeing or attempting to elude a peace officer cannot stand, we exercise our authority under Illinois Supreme Court Rule 615(b)(3) (eff. Jan. 1, 1967) to vacate the conviction and enter judgment on the lesser-included offense of fleeing or attempting to elude a peace officer, which is a Class A misdemeanor (625 ILC 5/11-204(a) (West 2016)). See *People v. Lipscomb*, 2013 IL App (1st) 120530, ¶ 12 (reducing a conviction from aggravated fleeing to misdemeanor fleeing where the evidence was insufficient to prove an aggravating factor beyond a reasonable doubt).

¶ 18                                     III. CONCLUSION

¶ 19    For the foregoing reasons, defendant's conviction for aggravated fleeing or attempting to elude a peace officer is vacated, and judgment of conviction is entered for the offense of misdemeanor fleeing or attempting to elude a peace officer (625 ILCS 5/11-204(a) (West 2016)).

¶ 20    Vacated in part; judgement modified.

**Appendix A**

The above diagram was generated by this court based on the record. According to the evidence presented at trial, defendant travelled east on W. 79th Street, turned south onto S. Harvard Avenue, then east onto W. 80th Street. The One Way sign (X) was located on the southwest corner of S. Harvard and W. 80th, parallel to S. Harvard. The arrows on the diagram represent the normal flow of traffic and the dots represent defendant's path.