**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240220-U

Order filed August 28, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0220 Circuit No. 22-CF-1313 |
| KERRY L. ORAVEC, | ) ) ) | Honorable Margaret O'Connell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Davenport concurred in the judgment.
Justice Hettel specially concurred.

_____

**ORDER**

¶ 1     *Held*:  (1) The evidence presented was sufficient to establish the defendant was traveling at least 21 miles per hour over the legal speed limit. (2) The court did not abuse its discretion in allowing speedometer calibration testimony.

¶ 2     The defendant, Kerry L. Oravec, appeals her conviction for aggravated fleeing or attempting to elude a peace officer, arguing that the State failed to prove her guilty beyond a reasonable doubt. The defendant further contends that the Du Page County circuit court abused its discretion by allowing the State to elicit testimony without establishing a proper foundation.

¶ 3                                    I. BACKGROUND

¶ 4          Following a jury trial, the defendant was found guilty of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2022)). At trial, Sergeant Sean Ryan testified that he had been employed with the Westmont Police Department for 22 years and was on patrol in a marked squad car at approximately 2:07 a.m. on June 8, 2022. At that time, Ryan observed the defendant's vehicle turn into the oncoming traffic lane on a two-lane roadway. As the defendant continued to travel westbound in the eastbound traffic lane, Ryan began following her vehicle and activated his emergency lights once he was 150 to 200 feet behind her. After the emergency lights were activated, the defendant's vehicle briefly merged into the correct traffic lane behind a red SUV before entering the parking lane to accelerate past the SUV. Ryan followed the defendant for approximately six blocks on Burlington Avenue, a residential street with a posted speed limit of 25 miles per hour. Ryan testified that his squad car's speedometer displayed a speed of 55 miles per hour and was consistent with the speed he believed he was traveling. Although his rate of speed was 30 miles per hour over the posted speed limit, Ryan was unable to close any distance between his vehicle and the defendant's. The pursuit was captured on dash camera video from Ryan's squad car, which was admitted into evidence.

¶ 5          During his testimony, Ryan was questioned by the State regarding his squad car's speedometer and the following colloquy occurred:

> "Q. And with regards to the speedometer of that squad vehicle, was that calibrated?
>
> A. It's calibrated in the factory before we get them.
>
> Q. Okay. And what year was that squad car?
>
> A. It's a 2021.

Q. And in your training and experience with the Westmont Police Department, is there any margin of error with those speedometers?

[DEFENSE COUNSEL]: Objection.

THE COURT: Overruled.

\*\*\*

A. About two miles an hour one way or the other.

[DEFENSE COUNSEL]: Objection, Judge, foundation. I don't believe that this officer can testify as to the calibration. He hasn't provided any evidence as to his knowledge of the foundation—

THE COURT: He's testifying as to his personal experience and knowledge, so your objection is overruled."

¶ 6 The proceedings continued and the defendant moved for a directed finding at the close of the State's case, arguing that Ryan's testimony was insufficient to establish that she exceeded the speed limit by at least 21 miles per hour. In denying the motion, the court found that Ryan's testimony had sufficiently established the speed-related element of the offense.

¶ 7 Subsequent to the jury's guilty verdict, the defendant filed a motion for a new trial. The defendant argued, *inter alia*, that the court erred (1) in denying the defendant's motion for a directed finding because the State's evidence was insufficient to establish that the defendant's vehicle was traveling 21 miles per hour over the legal speed limit and (2) by allowing Ryan to testify about the speedometer calibration on his squad car without laying a proper foundation. The court denied the defendant's motion, finding in part that Ryan's testimony was sufficient to establish the speed the defendant was traveling and was supported by the dash camera video.

¶ 8 II. ANALYSIS

¶ 9        On appeal, the defendant first argues that the evidence presented at trial was insufficient to prove that she was driving at a speed at least 21 miles per hour over the legal speed limit. When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences from the record in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Harvey*, 2024 IL 129357, ¶ 19. It is not our function to retry the defendant, and we will not substitute our judgment for that of the trier of fact regarding the weight of the evidence or the credibility of witnesses. *People v. Jones*, 2023 IL 127810, ¶ 28. A criminal conviction will not be reversed unless the evidence is so unreasonable, improbable, or unsatisfactory that it leaves a reasonable doubt regarding the defendant's guilt. *Id.*

¶ 10       To sustain the defendant's conviction for aggravated fleeing or attempting to elude a peace officer, the State was required to prove that the defendant had been given a visual or audible signal by a peace officer and then fled or attempted to elude a peace officer while traveling at a rate of speed at least 21 miles per hour over the legal speed limit. 625 ILCS 5/11-204.1(a)(1) (West 2022). Here, the only element of the offense in dispute is the aggravating factor of speed, as the defendant claims the State's evidence failed to prove that she was traveling at least 21 miles per hour over the legal speed limit.

¶ 11       Here, Ryan testified that the posted speed limit on Burlington Avenue was 25 miles per hour. To establish that the defendant's speed exceeded the maximum speed limit by 21 miles per hour, the State had the burden of proving that the defendant was traveling at least 46 miles per hour. Proof of a defendant's speed may be established by various methods, including: radar gun, stopwatch, pacing the defendant's vehicle, or direct testimony of an officer. *People v. Lipscomb*, 2013 IL App (1st) 120530, ¶ 7. Ryan's testimony established that, as he travelled at 55 miles per

4

hour, the defendant's vehicle continued to speed away from him. This established that the defendant was travelling more than 30 miles per hour over the speed limit.

¶ 12    The defendant asserts that Ryan's testimony failed to prove her vehicle's speed because it was "similarly ambiguous" to the officer testimony provided in *Lipscomb*. In *Lipscomb*, the officer testified about his own rate of speed but did not indicate the period of time he drove at that speed or the relationship between his vehicle and the defendant's during the pursuit. *Id.* ¶¶ 8-9. The court held the officer's testimony was insufficient for the trier of fact to reasonably infer or determine the speed of the defendant's vehicle. *Id.* ¶ 9. Unlike the officer in *Lipscomb*, Ryan testified that he was traveling 30 miles per hour over the legal speed limit and was unable to close any distance between his vehicle and the defendant's during the six-block pursuit. See *People v. Bates*, 2024 IL App (4th) 230011, ¶¶ 5, 29 (officer testimony about his own rate of speed and inability to catch up to the defendant's vehicle during pursuit sufficient to establish the aggravated speed factor). *Lipscomb* is further distinguishable because the only testimony presented was the officer's testimony, whereas Ryan's testimony was corroborated by his dash camera video. Therefore, the evidence was sufficient for the jury to have reasonably inferred that the defendant exceeded the speed limit by at least 21 miles per hour.

¶ 13    The defendant next contends that testimony about the speedometer calibration of Ryan's squad car lacked a proper foundation because Ryan did not provide testimony regarding the speedometer's accuracy. We disagree. Ryan testified about the accuracy of the speedometer when he indicated that there was a two mile per hour margin of error and that the speed displayed during the pursuit was consistent with the rate of speed he believed he was traveling. Once the question of the speedometer's accuracy was raised through Ryan's testimony, it was an issue of fact for the jury to resolve. See *Village of Schaumburg v. Pedersen*, 60 Ill. App. 3d 630, 633 (1978). Moreover,

the State had no burden to prove the speedometer's accuracy beyond a reasonable doubt. See *People v. Fair*, 61 Ill. App. 2d 360, 365-66 (1965). No foundation was necessary for Ryan to testify that his department's squad cars were generally factory-calibrated prior to receipt and that his vehicle was manufactured the year prior to the incident as his statements were based on his own experience and knowledge. See Ill. R. Evid. 701 (eff. Jan. 1, 2011). Therefore, the admission of such testimony was not an abuse of discretion. See *People v. Richardson*, 2013 IL App (2d) 120119, ¶ 10.

¶ 14    In coming to this conclusion, we note that the defendant spends a portion of his brief discussing the Westmont Police Department policies regarding pacing and speedometer accuracy and asks us to take judicial notice of such policies. This information could have been introduced at trial during Ryan's cross-examination to contest his credibility and the weight to be given to the evidence. However, the defendant did not do so. We will not now consider Ryan's compliance or noncompliance with these policies. See *People v. Aquisto*, 2022 IL App (4th) 200081, ¶ 91 (appellate court will decline to take judicial notice of information that should have been presented during circuit court proceedings).

¶ 15                                   III. CONCLUSION

¶ 16    The judgment of the circuit court of Du Page County is affirmed.

¶ 17    Affirmed.

¶ 18    JUSTICE HETTEL, specially concurring:

¶ 19    I concur with the majority's decision to affirm the circuit court's judgment. However, I do not join in the majority's holding regarding Ryan's speedometer-calibration testimony. *Supra* ¶ 13.

¶ 20    Illinois Rule of Evidence 602 (eff. Jan. 1, 2011) provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has

personal knowledge of the matter." In other words, the party offering the testimony must lay a foundation for the testimony to be admissible. In this case, regarding speedometer calibration, Ryan testified at trial that (1) squad cars are "calibrated in the factory before we get them" and (2) the margin for error with the speedometers was two miles per hour. Without more, it is impossible to determine whether Ryan's speedometer-calibration testimony came from personal knowledge. The court's ruling that this testimony was admissible, because it came from personal knowledge, constituted an abuse of discretion.

¶ 21 In partial support of it upholding the circuit court's evidentiary ruling on this issue, the majority states that "[n]o foundation was necessary for Ryan to testify that his department's squad cars were generally factory-calibrated prior to receipt and that his vehicle was manufactured the year prior to the incident as his statements were based on his own experience and knowledge." *Supra* ¶ 13. The majority's citations in support of this statement—Illinois Rule of Evidence 701 (eff. Jan. 1, 2011) and *People v. Richardson*, 2013 IL App (2d) 120119, ¶ 10—address lay-opinion testimony, which was not the basis for the circuit court's admission of Ryan's speedometer calibration testimony. Additionally, even if Ryan's testimony could be considered lay-opinion testimony, both Rule 701 and *Richardson* acknowledge that opinion testimony still requires foundation evidence. Ill. R. Evid. 701 (eff. Jan. 1, 2011) (requiring, in part, that lay-opinion testimony is "rationally based on the perception of the witness"); *Richardson*, 2013 IL App (2d) 120119, ¶ 10 (holding that lay-opinion testimony must be based, in part, "on the witness's personal observation"). There was nothing in Ryan's speedometer-calibration testimony to indicate that it was based on personal knowledge.

¶ 22 Despite the circuit court's erroneous ruling and the majority's decision to uphold that error, the erroneous admission of Ryan's speedometer-calibration testimony constituted harmless error.

7

Proof of a defendant's speed can be established in several ways, including through an officer's direct testimony. *People v. Lipscomb*, 2013 IL App (1st) 120530, ¶ 7. Even without the erroneously admitted speedometer-calibration testimony, the evidence presented in this case was sufficient to sustain Oravec's conviction for the charged offense.