Filed 1/26/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BLAKE A. HUDSON,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | G052324<br><br>(Super. Ct. No. 14CF1252)<br><br>O P I N I O N |

Original proceedings; petition for a writ of prohibition and/or mandate to challenge an order of the Superior Court of Orange County, James E. Rogan, Judge. Petition denied.

Strecker Law Offices and Marc S. Strecker, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Yvette Patko, Deputy District Attorney, for Real Party in Interest.

\*        \*        \*

Generally, a crime occurs when a person commits a wrongful act (an actus reus) with the requisite criminal intent (a mens rea). In some cases, a person's failure to act (an omission) constitutes the actus reus. In California, it is a crime when a person willfully fails to timely file a state tax return (the actus reus) with the intent to evade paying the taxes that are owed (the mens rea). (Rev. & Tax. Code, § 19706.)[1]

Here, the prosecution introduced evidence at a preliminary hearing showing that Blake A. Hudson failed to timely file tax returns for three consecutive years in which he owed: $21,974; $27, 205; and $6,505, respectively. Hudson had filed returns in other years and the Franchise Tax Board (FTB) had repeatedly notified Hudson of his duty to file his tax returns. As a result, the magistrate bound Hudson over for trial; and the superior denied his motion to set aside the information. (Pen. Code, § 995, subd. (a)(2)(B).)

Hudson argues that there was insufficient evidence to show his intent to evade paying taxes. We disagree. In addition to evidence of Hudson's failure to timely file tax returns (the actus reus), the evidence of Hudson's intent to evade paying taxes (the mens rea) includes: 1) the considerable amount of taxes Hudson actually owed in multiple years; 2) the FTB's repeated notifications; and 3) Hudson's prior filing history. Thus, there was some rational ground for the magistrate to assume that when Hudson failed to timely file his tax returns he intended to evade paying the taxes that he owed.

Nevertheless, Hudson argues that in order to prove his intent, the prosecution needed to show an additional affirmative act of fraud under section 19706. He is mistaken. Hudson's willful failure to timely file tax returns was the sole actus reus required to be shown under section 19706. This court cannot rewrite the statute.

Hudson's argument is based on a United States Supreme Court opinion interpreting a federal tax law. (*Spies v. United States* (1943) 317 U.S. 492 (*Spies*).) But

---

[1] Further undesignated statutory references are to the Revenue and Taxation Code.

unlike our state statute, the federal tax law at issue in *Spies* does not explicitly make the failure to timely file a tax return a criminal act. That distinction is ultimately fatal to Hudson's claim in this writ proceeding.

I

FACTUAL AND PROCEDURAL SUMMARY

In a felony complaint, the prosecution charged Hudson with three counts of willfully failing to timely file tax returns for three consecutive years with the intent to evade paying a tax. (§ 19706.)[2] A magistrate presided over a preliminary hearing in which an FTB agent testified as the prosecution's sole witness. The agent testified that generally a person must file tax returns by either April 15, or October 15, for the prior taxable year.

The evidence at the preliminary hearing showed that for the first year (count one), Hudson owed $21,974 in tax. Hudson filed a return about five years late, but he did not pay the taxes that were due. For the second year (count two), Hudson owed $27,205 in tax. Hudson filed a return about five years late, but he did not pay the taxes that were due. For the third year (count three), Hudson owed $6,505 in tax. This time, Hudson filed a return about three years late and paid $400 of the taxes that were due.

For each of the three years, the FTB had mailed Hudson a "Demand for Tax Return," asking him to file his returns. According to the FTB agent, the FTB also mailed Hudson: 1) a letter telling him that they would publicly disclose him as one of the 500 largest tax delinquents in the state; 2) a notice of proposed assessment; and 3) a notice of collection. Further, the FTB agent prepared a document showing that Hudson "had a filing history," meaning he had filed returns and had paid his taxes in other years.

---

[2] In relevant part: "Any person . . . who, within the time required by or under the provisions of this part, *willfully fails to file any return* . . . with intent to evade any tax imposed . . . , is punishable by imprisonment in the county jail not to exceed one year, or in the state prison . . . ." (§ 19706, italics added.)

3

The magistrate found that there was sufficient cause to hold Hudson to answer on the felony complaint.  (Pen. Code, § 872, subd. (a).)  The prosecution filed an information charging Hudson with the same counts that had been alleged in the complaint.[3]

Hudson filed a Penal Code section 995 motion to dismiss the felony charges.  Hudson argued that the prosecution had failed to establish sufficient evidence of his intent to evade paying taxes.  (Pen. Code, § 995, subd. (a)(2)(B).)  The superior court denied the motion.

Hudson petitioned for a writ of prohibition and/or mandate in this court challenging the denial of his Penal Code section 995 motion by the respondent superior court.  (Pen. Code, § 999a.)  This court summarily denied the writ petition.

Hudson subsequently filed a petition for review.  The California Supreme Court granted Hudson's petition and transferred the matter to this court with directions to vacate our order denying the petition for writ of prohibition and/or mandate and issue an order to show cause.[4]  We did so and stayed the trial court proceedings.  The district attorney, as real party in interest, filed a return.  Hudson filed a reply.

---

[3] The information was not part of the writ petition; however, this court takes judicial notice of the information on its own motion.  (Evid. Code, §§ 452, subd. (d), 459.)

[4] By ordering this court to issue an order to show cause, we do not infer that the Supreme Court expressed any view on the merits of Husdon's arguments.  (See *People v. Superior Court* (*Sanchez*) (2014) 223 Cal.App.4th 567; see also *In re Orosco* (1978) 82 Cal.App.3d 924, 927 ["Issuance of the order to show cause represents a preliminary determination by the Supreme Court that the petitioner has stated sufficient facts to justify relief by way of habeas corpus.  It is not, however, the equivalent of a final appellate decision on questions of law, nor does it constitute law of the case"].)

II

DISCUSSION

In a Penal Code section 995 motion to set aside an information, the superior court determines "'if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.'" (*People v. Chapple* (2006) 138 Cal.App.4th 540, 545.)  In reviewing a denial of a motion to dismiss under Penal Code section 995, "an appellate court must draw every legitimate inference from the evidence in favor of the information." (*Sea Horse Ranch, Inc. v. Superior Court* (1994) 24 Cal.App.4th 446, 454.)

"'[A]lthough there must be *some* showing as to the existence of each element of the charged crime [citation] such a showing may be made by means of circumstantial evidence supportive of reasonable inferences on the part of the magistrate.' [Citations.]" (*People v. Superior Court* (*Jurado*) (1992) 4 Cal.App.4th 1217, 1226.) A defendant can properly challenge an order denying a motion to dismiss an information under Penal Code section 995 in a petition for writ of prohibition.  (Pen. Code, § 999a.)

A.  *It Is Rational to Assume That Hudson Intended to Evade Paying His Taxes.*

Section 19706 states in relevant part:  "Any person . . . who, within the time required by or under the provisions of this part, willfully fails to file any return . . . with intent to evade any tax imposed . . . , is punishable by imprisonment in the county jail not to exceed one year, or in the state prison . . . ."  Thus, the prosecution needed to make some showing as to each of four elements:  (1) Hudson was required to file a tax return; (2) Hudson did not file a tax return within the required time; (3) Hudson willfully chose not to file a tax return; and (4) when Hudson made that choice, he intended to evade paying a tax.  (See § 19706; see also CALCRIM No. 2801.)

In this writ proceeding, as in the trial court, Hudson challenges only the fourth element.  That is, he argues there was insufficient evidence presented at the

5

preliminary hearing to show that when he chose not to file his tax returns in a timely manner he intended to evade paying a tax. We disagree.

It is important to keep in mind that a person's intent "is a question of fact to be determined from all the circumstances of the case, and usually must be proven circumstantially." (See *People v. Fujita* (1974) 43 Cal.App.3d 454, 469, 471 [conspiracy to commit theft may be inferred from the close association of those promoting an illegal scheme]; see also *In re Leanna W.* (2004) 120 Cal.App.4th 735, 741 [in a burglary charge the "theft of property from a dwelling may create a reasonable inference that there was intent to commit theft at the time of entry"].) "In every crime or public offense there must exist a union, or joint operation of act and intent . . . ." (Pen. Code, § 20.)

Again, what is at issue in this case is Hudson's failure to timely file tax returns "with intent to *evade* any tax." (§ 19706, italics added.) The word "evade" is a synonym for "avoid," "elude," or "get out of." (Roget's International Thesaurus (4th ed. 1977) p. 486; compare Civ. Code, § 1714.41 [assisting a person who seeks to "escape, evade, or avoid" paying child support].) There is no indication that the Legislature intended the word "evade" to have any technical meaning peculiar to the law. (See CALCRIM No. 200 ["Words and phrases not specifically defined in [jury] instructions are to be applied using their ordinary, everyday meanings"].)

Here, the evidence presented at the preliminary hearing showed that Hudson failed to timely file tax returns for three consecutive years and for those three years he owed $21,974 in taxes in the first year, $27,205 in the second year, and $6,505 in the third year. Had Hudson not owed any tax, or if he was entitled to a tax refund, it would of course be irrational to assume that by not timely filing tax returns he intended to avoid paying taxes he did not owe. (See *People v. Mojica* (2006) 139 Cal.App.4th 1197, 1203-1204, fn. 4 (*Mojica*) [there must be some evidence of a tax deficiency under section 19706, although the amount need not be substantial].) Conversely, it is entirely rational

6

to assume that Hudson willfully failed to timely file his tax returns precisely because he intended to evade or avoid paying the substantial taxes that he owed.

But beyond the evidence that Hudson, in fact, owed taxes when he failed to timely file his returns, there was additional evidence of Hudson's intent to evade paying taxes. The evidence showed that Hudson had filed and paid his taxes in other years. Further, the FTB had notified Hudson of his obligation to file returns for each of the three years charged in the complaint and he had only paid a small portion ($400) of the total amount due ($55,684). Thus, Hudson's substantial tax obligations, his knowledge of his obligation to file (as demonstrated by his prior filing history), his failure to respond to the FTB's delinquency notices, and ultimately his failure to fully comply with his tax obligations, is all circumstantial evidence that he had intended to evade paying taxes at the time when they were due.

There may be other conceivable reasons why Hudson failed to timely file his tax returns. However, based on the evidence at the preliminary hearing, it cannot be said that it was irrational for the magistrate to assume that when Hudson failed to timely file his tax returns he intended to evade or avoid paying the taxes that he owed.

B. *Section 19706 Does Not Require Acts Beyond the Willful Failure to Timely File.*

Hudson argues that in order to sustain a magistrate's ruling under section 19706, the prosecution—in addition to showing a failure to timely file a tax return—is required to show that the defendant committed an affirmative act of fraud (such as concealing information or creating false documents). But Hudson's argument fundamentally confuses the necessary mens rea of section 19706 (an intent to evade paying taxes) with the necessary actus reus (a failure to timely file a return). An additional affirmative act of fraud is simply not required under section 19706.

In construing a statute, there are well-established principles of statutory interpretation. The primary goal is to ascertain legislative intent so as to effectuate the

7

purpose of the law. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.) The words of a statute, which are the most reliable indicator of legislative intent, are to be given their "'usual and ordinary meaning.'" (*People v. Lawrence* (2000) 24 Cal.4th 219, 230-231.) Where the statutory language is unambiguous, courts are to presume the Legislature meant what it said, and the plain meaning of the language governs. (*Ibid.*)

Courts may not insert words or add provisions to an unambiguous statute. (*People v. Hunt* (1999) 74 Cal.App.4th 939, 946.) "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." (Cal. Const., art. III, § 3.) "In construing this, or any, statute, our office is simply to ascertain and declare what the statute contains, not to change its scope by reading into it language it does not contain or by reading out of it language it does. We may not rewrite the statute to conform to an assumed intention that does not appear in its language." (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)

Again, generally "every crime has two components: (1) an act or omission, sometimes called the actus reus; and (2) a necessary mental state, sometimes called the mens rea." (*People v. Williams* (2009) 176 Cal.App.4th 1521, 1528.) Usually, the actus reus is a willful physical act; however, the actus reus can also be a willful omission or a willful failure to act. (*Ibid.*) "'Criminal conduct may arise not only by overt acts, but by an omission to act where there is a legal duty to do so.'" (*People v. Ogg* (2013) 219 Cal.App.4th 173, 182, quoting *People v. Stancial* (1992) 153 Ill.2d 218, 236 [failure of parent to protect child].) This type of actus reus is sometimes referred to as a "negative act." (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Elements, § 23, p. 296.)

Once more, section 19706 states, in relevant part: "Any person . . . who, within the time required by or under the provisions of this part, *willfully fails to file any return* . . . with intent to evade any tax imposed . . . , is punishable by imprisonment in the county jail not to exceed one year, or in the state prison . . . ." (Italics added.) The

8

only required actus reus or "negative act" occurs when a person "willfully fails to file any return." (§19706.) The language is plain and its meaning is unambiguous. Under our state Constitution, this court cannot rewrite the statute to require the prosecution to show an additional affirmative act of fraud when the Legislature has not required such an act in order to establish a crime under section 19706.

Here, it is undisputed that Hudson willfully failed to timely file his tax returns. And, as we already discussed, there was some evidence that Hudson did so with the intent to evade paying his taxes. Accordingly, the evidence is sufficient to sustain the magistrate's ruling and the superior court's denial of his Penal Code section 995 motion. Thus, Hudson's petition for a writ of prohibition and/or mandate must be denied.

*C. Unlike Section 19706, The Federal Tax Law Interpreted in Spies Does Not Make a Defendant's Willful Failure to File a Tax Return a Criminal Act.*

Hudson relies on *Spies*, a United States Supreme Court decision interpreting a federal tax evasion law to support his argument that an additional affirmative act of fraud is required under section 19706. (*Spies*, *supra*, 317 U.S. 492.) But generally, a decision of the United States Supreme Court based solely on federal law is not binding on state courts in the interpretation of state law. (See *People v. Guiton* (1993) 4 Cal.4th 1116, 1126.) And more specifically in this case, *Spies* is inapposite because the federal tax evasion law analyzed in *Spies*—unlike section 19706— does not explicitly make the willful failure to file a tax return a criminal act.

In relevant part, the federal tax evasion law analyzed in *Spies* is a felony and reads as follows: "Any person who willfully *attempts in any manner to evade or defeat* any tax imposed . . . shall, in addition to other penalties provided by law, be guilty

of a felony . . . ." (Int.Rev. Code, § 7201, italics added.)[5] The federal tax scheme also criminalizes the willful failure to file a return and other omissions, but those crimes are treated as misdemeanors under a different code section. (See Int.Rev. Code, § 7203 [willful failure to file, supply information, keep records, etc.].) In *Spies*, the United States Supreme Court observed that under the federal felony tax evasion law, "Congress did not define or limit the methods by which *a willful attempt to defeat and evade* [taxes] might be accomplished . . . ." (*Spies*, *supra*, 317 U.S. at p. 499, italics added.) In other words, the felony tax evasion law as written was ambiguous: Congress had not stated what form of actus reus was required to be proven in order to show an attempt to "evade or defeat" federal taxes under its provisions. (Int.Rev. Code, § 7201.)

As a result of this ambiguity, the Supreme Court in *Spies* was obligated to construe what acts Congress intended to make criminal: "We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors." (*Spies*, *supra*, 317 U.S. at p. 499.) The Supreme Court then noted what additional acts (in addition to misdemeanor omissions) the Congress may have intended to be required within the scope of the felony tax evasion law: "By way of illustration, and not by way of limitation, we would think *affirmative willful attempt may be inferred from conduct* such as keeping a double set of books, making false entries of alterations, or false invoices or documents, . . . and any conduct, the likely effect of which would be to mislead or to conceal." (*Ibid*., italics added.)

Here, under California law—unlike the ambiguous federal tax evasion law interpreted in *Spies*—the Legislature has explicitly stated what criminal act is required to be shown under section 19706. The required actus reus is the willful failure of a person

---

[5] In *Spies*, the defendant was actually charged with section 145, subdivision (b), of the Revenue Act of 1936, which later became section 145, subdivision (b), of the Internal Revenue Code, and is now section 7201. (See *Spies*, *supra*, 317 U.S. at pp. 492-493.)

10

to timely file a tax return—an omission or a negative act—along with the intent to evade the taxes that are due.   Thus, the *Spies* holding, in so far as it requires an additional affirmative act of fraud under the federal tax evasion law, is inapposite and has no bearing on our analysis.

*D. The California Opinions Cited By Hudson Are Distinguishable.*

There are no California opinions that directly support Hudson's argument that section 19706 requires proof of an additional affirmative act of fraud beyond the willful failure to timely file a tax return.  That is, no California case has ever applied the holding of *Spies* to section 19706, as Hudson urges us to do.  Nevertheless, Hudson cites two cases that generally touch on the interplay between federal and state tax laws, *People v. Hagen* (1998) 19 Cal.4th 652 (*Hagen*) and *Mojica*, *supra*, 139 Cal.App.3d. 1197.  But *Hagen* and *Mojica* are distinguishable and they do not alter our holding.

In *Hagen*, *supra*, 19 Cal.4th at pages 656-657, a jury convicted a husband and his wife of willfully filing false tax returns.  (Former § 19405, subd. (a)(1); now § 19705, subd. (a)(1).)  The wife had stolen a substantial  sum of money from her employer, but the couple did not include the stolen income on their tax return.  (*Hagen*, at pp. 656-657.)  At issue was the interpretation of the particular state tax statute they were charged with, currently section 19705, subdivision (a)(1).[6]  (*Hagen*, at pp. 658-659.) In resolving the matter, our Supreme Court relied on federal opinions interpreting a

---

[6] The state statute makes it a crime to:  "Willfully make[] and subscribe[] any return, statement, or other document, that contains or is verified by a written declaration that it is made under penalty of perjury, and he or she does not believe to be true and correct as to every material matter."  (§ 19705, subd. (a)(1).)

11

"virtually identical" provision of the Internal Revenue Code.[7] (*Hagen*, at p. 659; Int.Rev. Code, § 7206(1).) The court noted that "federal decisions in the area of income tax law *can be persuasive* on the interpretation of parallel California provisions." (*Hagen*, at p. 666, italics added.)

But here, unlike the "virtually identical" federal and state tax laws that were compared in *Hagen*, the federal tax law interpreted in *Spies* is not "virtually identical" to section 19706, particularly as to the criminal act or actus reus that needs to be proven. That is, Internal Revenue Code section 7201 makes it a crime to attempt to evade a tax, while section 19706 makes it a crime to willfully fail to timely file a tax return. *Hagen* is distinguishable and did not apply the holding of *Spies* to section 19706 as Hudson urges us to do. Thus, *Hagen* does not alter our holding.

In *Mojica*, *supra*, 139 Cal.App.4th at page 1200, a jury convicted the owner of a small business of willfully failing to file tax returns. (§ 19706.) The FTB had notified the defendant that he was required to file his returns, but he did not comply. (*Mojica*, at p. 1200.) The appellate court found that the jury should have been instructed that the existence of a tax deficiency is an element of section 19706. (*Mojica*, at p. 1203.) The appellate court had compared our state statute, section 19706, to the federal statute, Internal Revenue Code section 7201, and found that they were "substantially identical." (*Mojica*, at p. 1205.)

We agree with *Mojica* that Internal Revenue Code section 7201 and section 19706 are "substantially identical," but only when it comes to the issue of a defendant's intent or mens rea. That is, both statutes require that a defendant intend to evade paying taxes and therefore both statutes require proof of a tax deficiency. And, as we have

---

[7] The federal statute makes it a crime to: "Willfully make[] and subscribe[] any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . ." (Int.Rev. Code, § 7206(1).)

already discussed, there was evidence that Hudson had a substantial tax deficiency for each of the three years he was charged with violating section 19706. Thus, there was a rational basis for the magistrate to assume that Hudson harbored the requisite intent to evade paying his taxes when he failed to timely file his tax returns.

However, *Mojica* did not consider the issue we are presented with in this case: the actus reus that is required to be shown under section 19706. *Mojica* did not find that section 19706 requires any additional affirmative act of fraud beyond the willful failure to file a tax return. That is, *Mojica* did not apply *Spies* to section 19706 as Hudson urges us to do. Thus, *Mojica* does not alter our holding.

## III

## DISPOSITION

The petition for writ of prohibition and/or mandate is denied. The order to stay proceedings in the trial court is lifted.

MOORE, ACTING P. J.

I CONCUR:

ARONSON, J.

13

Aronson, J., Concurring:

I fully concur with Justice Moore's analysis, but write separately to highlight the differences I see between our position and Justice Fybel's thoughtful and well-argued dissent.

The dissent views Revenue and Taxation Code section 19706 (section 19706) and 26 United States Code section 7201 (section 7201) as "substantially identical," explaining that neither statute "on its face requires evidence of an affirmative act." (Dis. opn., *post*, p. 9.) Consequently, the dissent reasons that the United States Supreme Court's interpretation of the phrase "willfully attempts . . . to evade or defeat a tax" to require an affirmative act, such as destruction of records, applies equally to section 19706. (See *Spies v. United States* (1943) 317 U.S. 492, 498-499 (*Spies*) [interpreting section 7201].) But our Legislature in enacting section 19706 did not use the word "attempt" or any similar language. In my view, that makes all the difference, rendering the statutes entirely dissimilar in that crucial aspect.

It is a crucial distinction because in expressly criminalizing willful "attempts," the federal statute necessarily requires an affirmative act. Both in the ordinary meaning of an "attempt" and in its longstanding legal interpretation, an attempt does not occur until there is some direct or overt act.

Thus, our Penal Code requires for a criminal attempt "a direct but ineffectual act" (Pen. Code, § 21a), and our Supreme Court has explained that an attempt involves "an act that 'goes beyond mere preparation and shows that the perpetrator is putting his or her plan into action.'" (*People v. Toledo* (2001) 26 Cal.4th 221, 230.) Similarly, the federal high court recently explained, "Not only does the word 'attempt' as used in common parlance connote action rather than mere intent, but more importantly,

1

as used in the law for centuries, it encompasses both the overt act and intent elements." (*U.S. v. Resendiz-Ponce* (2007) 549 U.S. 102, 107.)

Based on this established understanding of attempt, *Spies* explained the difference between the federal misdemeanor offense of failing to pay a tax when due and the felony offense of attempting to evade a tax "is found in the affirmative action implied from the term 'attempt.'" (*Spies*, *supra*, 317 U.S. at p. 498.) *Spies* reasoned: "We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony." (*Id.* at pp. 498-499.)

Notably, section 19706 is distinct from federal law interpreted in *Spies* in two important respects. First, it is a wobbler. Consequently, unlike the tax evasion statutes in *Spies*, which consisted of separate misdemeanor and felony provisions differentiated by the "attempt" requirement in the latter, there is nothing in the language our Legislature chose to employ in section 19706 to elevate the offense from a misdemeanor to a felony. Instead, the exact same statutory language governs both and, as with any wobbler, whether to charge a misdemeanor or felony rests in the prosecutor's sound discretion.

Second and related, the presence or absence of "attempt" or a word of similar import makes all the difference. There is in section 19706 no word or phrase requiring as in *Spies* "the affirmative action implied from the term 'attempt.'" In contrast, section 19706 expressly criminalizes the exact omission *Spies* held was

2

insufficient.  Specifically, the Legislature based criminal liability, including felony liability, on a defendant's omission or failure to timely file a tax return with the intent to evade the payment of taxes.  The omission described in section 19706 is consistent with California law defining "a crime or public offense" as "an act committed *or omitted* in violation of a law forbidding or commanding it."  (Pen. Code, § 15, italics added.)  In light of these differences, I cannot agree the state and federal statutes are substantially identical as the dissent claims.

Perhaps the following example best illustrates my disagreement with the dissent:  Assume the prosecution presented evidence a defendant failed to timely file tax returns for three consecutive years, owed a substantial amount of taxes for that period, and confessed he failed to file the returns because he intended to avoid payment, but the prosecution offered no evidence of *Spies* acts.  The logical extension of the dissent's interpretation would require the court to dismiss the charges because no affirmative *Spies* acts were shown, even though the defendant admitted he intended to evade paying his taxes when he failed to file his return.  I cannot agree the law requires that result.


ARONSON, J.


3

FYBEL, J., Dissenting.

I respectfully dissent. Based on authorities of the United States Supreme Court, the California Supreme Court, and the federal and state appellate courts, including an opinion from the Second District Court of Appeal, I conclude that at the preliminary hearing the prosecution did not present evidence of intent to evade paying a tax sufficient to commit Blake A. Hudson to answer the felony charges. Revenue and Taxation Code section 19706[1] punishes a willful failure to file a tax return only when coupled with the intent to evade paying a tax. At the preliminary hearing, the prosecution presented evidence that Hudson did not timely file tax returns for 2007, 2008, and 2009, and only filed tax returns for those years after receiving notices from the California Franchise Tax Board. This evidence of omission, though sufficient to show a misdemeanor willful failure to file returns, was not enough to show, even at the preliminary hearing stage, that Hudson acted with intent to evade paying a tax. The prosecution presented no evidence that Hudson engaged in affirmative conduct from which intent to evade could be inferred.

California's tax evasion statutes were modeled after the federal tax evasion statutes, and, therefore, California Supreme Court authority holds that federal decisions interpreting federal tax laws are "unusually strong persuasive precedent on construction of our own laws." (*People v. Hagen* (1998) 19 Cal.4th 652, 661 (*Hagen*).) In *People v. Mojica* (2006) 139 Cal.App.4th 1197, 1205 (*Mojica*), the Court of Appeal held that section 19706 and the federal tax evasion statute are substantially the same, the only real difference being that section 19706 makes explicit what federal courts, including the

---

[1] Further references to California code sections are to the Revenue and Taxation Code. In relevant part, section 19706 states: "Any person . . . who, within the time required by or under the provisions of this part, willfully fails to file any return or to supply any information with intent to evade any tax imposed by Part 10 (commencing with Section 17001) or Part 11 (commencing with Section 23001), . . . is punishable by imprisonment . . . , or by fine . . . , or by both the fine and imprisonment, at the discretion of the court."

United States Supreme Court, have interpreted the federal tax evasion statute to mean. In *Spies v. United States* (1943) 317 U.S. 492, 499 (*Spies*), the United States Supreme Court interpreted the federal tax evasion statute as requiring proof of "some willful commission" or "positive attempt to evade tax," in addition to willful omissions, to support a conviction. Such acts of willful commission are a necessary element of the offense of tax evasion.

Thus, section 19706 must be interpreted in accordance with *Spies*, which requires proof of "some willful commission" or "positive attempt to evade tax," in addition to willful omissions (*Spies*, *supra*, 317 U.S. at p. 499). In this case, the prosecution presented no evidence at the preliminary hearing of "some willful commission" or "positive attempt to evade tax." The district attorney concedes no evidence of such "*Spies* acts" was presented. Because there was "a total absence of evidence" to support the element of intent to evade, which is a necessary element of a violation of section 19706, the trial court should have granted Hudson's motion to dismiss the information. (*People v. Caffero* (1989) 207 Cal.App.3d 678, 684.)

The majority's conclusion that intent to evade can be inferred from the failure to file tax returns alone fails to acknowledge the substantive identity between the state and federal tax evasion statutes, as interpreted by the United States Supreme Court in *Spies*. The majority twice asserts that requiring evidence of willful commission is an attempt to rewrite California's tax evasion statutes. Requiring proof of willful commission is not a matter of rewriting section 19706. It is a matter of interpreting the requirements of section 19706 in accordance with United States Supreme Court authority, and as directed by the California Supreme Court.

## I.

### The State and Federal Tax Evasion Statutes

To understand why we must follow federal decisions on the issue in this case, it is important to lay out and compare the state and federal tax evasions statutes.

2

California's tax evasion statutes were modeled after the federal tax evasion statutes (*Hagen*, *supra*, 19 Cal.4th at p. 661), and, like the federal statutes, provide "a graduated scheme of civil penalties and misdemeanor and felony punishment to deter both honest mistakes and willful fraud" (*id.* at p. 662).

"Our Legislature has generally followed the federal statutes in designing California's personal income tax system, making federal decisions interpreting substantially identical statutes unusually strong persuasive precedent on construction of our own laws. [Citations.]" (*Hagen*, *supra*, 19 Cal.4th at p. 661; see *id*. at pp. 660-661 [federal tax law definition of "willfully" applied to former section 19405, subdivision (a)(1) (now section 19705)].) Federal court opinions interpreting federal income tax statutes are relevant to interpreting California income tax statutes because the Legislature, in enacting the California statutes, consistently followed federal law. (*Hagen*, *supra*, at p. 661.)

A. *Lowest Gradation: Misdemeanor and Civil Penalty*

The first gradation is failure to file a return or to supply information under section 19701, subdivision (a) (section 19701(a)). Violation of section 19701(a) is a misdemeanor offense or results in a civil penalty. Section 19701(a) states: "Any person who does any of the following is liable for a penalty of not more than five thousand dollars ($5,000): [¶] (a) With or without intent to evade any requirement of Part 10 (commencing with Section 17001), Part 11 (commencing with Section 23001), or this part or any lawful requirement of the Franchise Tax Board, repeatedly over a period of two years or more, fails to file any return or to supply any information required, or who, with or without that intent, makes, renders, signs, or verifies any false or fraudulent return or statement, or supplies any false or fraudulent information, resulting in an estimated delinquent tax liability of at least fifteen thousand dollars ($15,000)." A person who violates section 19701(a) "is also guilty of a misdemeanor and shall upon conviction be fined not to exceed five thousand dollars ($5,000) or be imprisoned not to exceed one

3

year, or both, at the discretion of the court, together with costs of investigation and prosecution."  (§ 19701, subd. (c).)

The effect of the phrase "[w]ith or without intent to evade" in section 19701(a) is that such intent need *not* be proven to establish the misdemeanor violation.  The misdemeanor violation requires only the act of willful failure to file a tax return, supply required information, or make, render, sign, or verify a false or fraudulent return, for the requisite time period and resulting in a tax delinquency meeting the statutory minimum.

The federal analog to section 19701(a) is title 26 United States Code section 7203.  It reads:  "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution.  In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure.  In the case of a willful violation of any provision of section 6050I, the first sentence of this section shall be applied by substituting 'felony' for 'misdemeanor' and '5 years' for '1 year.'"  (26 U.S.C. § 7203.)

Title 26 United States Code section 7203 has no intent to evade element. Section 7203 has a willful requirement, but it refers to the failure to pay the estimated tax or tax, make a tax return, or supply information.

4

B. *Highest Gradation: Felony*

The highest gradation under the California scheme is section 19705. It gives a list of prohibited acts with the preamble that any person who commits any of the prohibited acts "shall be guilty of a felony and, upon conviction, shall be fined not more than fifty thousand dollars ($50,000) or imprisoned . . . , or both." (§ 19705, subd. (a).) Hudson was not charged under section 19705. It primarily, though not exclusively, concerns willfully subscribing a false return and removing or concealing assets subject to a tax levy.

C. *Middle Gradation: Section 19706*

The middle gradation under the California scheme is section 19706. It states: "Any person or any officer or employee of any corporation who, within the time required by or under the provisions of this part, willfully fails to file any return or to supply any information with intent to evade any tax imposed by Part 10 (commencing with Section 17001) or Part 11 (commencing with Section 23001), or who, willfully and with like intent, makes, renders, signs, or verifies any false or fraudulent return or statement or supplies any false or fraudulent information, is punishable by imprisonment in the county jail not to exceed one year, or in the state prison, or by fine of not more than twenty thousand dollars ($20,000), or by both the fine and imprisonment, at the discretion of the court, together with the costs of investigation and prosecution." (§ 19706.)

Section 19706 appears to be a wobbler because the offense is punishable by imprisonment in jail for not more than one year, or in state prison. Here, the district attorney charged Hudson with a felony violation of section 19706.

Both section 19701 and section 19706 prohibit the willful failure to "file any return or to supply any information." The primary difference between the two statutes is that section 19706, unlike section 19701, includes the element that the willful failure to file the return or supply information must have been made "with intent to evade any tax" (§ 19706).

5

Section 19706 requires proof both that the defendant willfully failed to file a tax return *and* that the defendant failed to file a tax return with the *intent to evade* paying a tax. These two mental states—willful failure and intent to evade—"together comprise the mental state involved in a section [19706] violation." (*People v. Smith* (1984) 155 Cal.App.3d 1103, 1157, disapproved on another ground in *Baluyut v. Superior Court* (1996) 12 Cal.4th 826, 832-835.)

Accordingly, to establish a violation of section 19706, the prosecution must prove (1) the defendant was required to file a tax return with or supply information to the Franchise Tax Board; (2) the defendant did not file a tax return with or supply information to the Franchise Tax Board within the required time; (3) the defendant willfully chose not to file a tax return with or supply information to the Franchise Tax Board; and (4) the defendant chose not to file a tax return with or supply information to the Franchise Tax Board with the intent to evade paying a tax. (See CALCRIM No. 2801.)

If the prosecution cannot show intent to evade paying a tax, the defendant might still be guilty of the misdemeanor offense or subject to a civil penalty under section 19701. But without proof of intent to evade, the defendant cannot be guilty of violating section 19706.

### D. *Federal Analog to Section 19706*

The federal analog to section 19706 (the statute at issue here) is 26 United States Code section 7201. It states: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution." (26 U.S.C. § 7201.)

E. *Analysis of California and Federal Law*

A literal comparison of section 19706 and 26 United States Code section 7201 reveals they are phrased somewhat differently: Section 19706 makes it a crime to "willfully fail[] to file any return . . . with intent to evade any tax," while 26 United States Code section 7201 makes it a crime to "willfully attempt[] in any manner to evade or defeat any tax."

These federal and state statutes are, in substance, identical. The reason is this: The federal courts have interpreted "willfully attempt[] . . . to evade or defeat any tax" in 26 United States Code section 7201 or its predecessor as requiring acts showing motive or specific intent to evade tax. (See *Spies*, *supra*, 317 U.S. at p. 494, fn. 2; *U.S. v. Dack* (7th Cir. 1984) 747 F.2d 1172, 1174.) "Thus the willfulness involved in failing to pay the tax when due, resources being available, is not enough. For a felony conviction, there must be 'proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment.'" (*U.S. v. DeTar* (9th Cir. 1987) 832 F.2d 1110, 1114.) "To support a conviction for attempted tax evasion, . . . the government must prove beyond a reasonable doubt that there was a tax deficiency, an affirmative act constituting an attempt to evade or defeat the tax, and willfulness." (*U.S. v. Bishop* (5th Cir. 2001) 264 F.3d 535, 550.)

In *Mojica*, *supra*, 139 Cal.App.4th at page 1205, our colleagues in Division Eight of the Second District Court of Appeal explained: "Thus, the federal statute has been interpreted to mean that failing to file a tax return while intending to violate a known legal duty, with the intent to evade taxes imposed by the federal income tax laws, is a felony. *Section 19706 makes explicit what the federal courts have read into 26 United States Code section 7201*, providing that a felony occurs as to '[a]ny person . . . who, . . . willfully fails to file any return . . . with intent to evade any tax imposed by [the state income tax laws].'" (Italics added.)

The analysis of *Mojica* is correct. Because section 19706 is substantially the same as 26 United States Code section 7201, federal decisions interpreting 26 United

7

States Code section 7201 provide "unusually strong persuasive precedent" in our construction of section 19706. (*Hagen*, *supra*, 19 Cal.4th at p. 661.) Indeed, if anything, section 19706 more forcefully imposes intent to evade as an element of the offense because section 19706 expressly sets forth that element.

The majority agrees with *Mojica* that section 19706 and 26 United States Code section 7201 are substantially identical, "but only when it comes to the issue of a defendant's intent or mens rea." (Maj. opn., *ante*, at p. 12.) This statement is perplexing. The substantial identity between the two statutes on the issue of the defendant's intent is precisely why section 19706 must be interpreted in accordance with *Spies*.

## II.

## Evidence Necessary to Prove Intent to Evade

The United States Supreme Court, in *Spies*, *supra*, 317 U.S. at page 499, interpreted the federal tax evasion statute as requiring proof of "willful commission in addition to the willful omissions." The court compared federal tax evasion (current 26 United States Code section 7201) with the lesser offense of willful failure to file a tax return (current 26 United States Code section 7203). (*Spies*, *supra*, at p. 498.) The court expressly rejected the argument that willful failure to file a return, coupled with a willful failure to pay a tax, is enough to constitute willful attempt to evade or defeat a tax. (*Id.* at p. 499.) "Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony." (*Ibid.*) The Supreme Court provided examples of conduct from which willful attempt to evade can be inferred. Such conduct would include keeping double books, making false bookkeeping entries, destruction of records, concealment of assets, and "any kind of conduct, the likely effect of which would be to mislead or to conceal." (*Ibid.*) "If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime." (*Ibid.*)

8

"A wide range of conduct can support a finding of willful attempt to evade taxation, for instance:  keeping a double set of books, making false entries or alterations, creating false invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one's affairs to avoid making the records normally accompanying transactions of a particular kind, any conduct likely to mislead or conceal, holding assets in others' names, providing false explanations, giving inconsistent statements to government agents, failing to report a substantial amount of income, a consistent pattern of underreporting large amounts of income, or spending large amounts of cash that cannot be reconciled with the amount of reported income." (*U.S. v. Bishop*, *supra*, 264 F.3d at p. 550.)  Here, the district attorney concedes no evidence was presented of any *Spies* acts.

The majority takes the position that section 19706 on its face does not require evidence of affirmative acts of evasion.  But neither 26 United States Code section 7201 nor its predecessor on its face requires evidence of an affirmative act.  The United States Supreme Court in *Spies* interpreted the predecessor to 26 United States Code section 7201 as requiring proof of affirmative acts of commission in addition to omissions.  We must interpret section 19706 in the same fashion because it is substantively identical to 26 United States Code section 7201.  Doing so does not constitute rewriting the statute but interpreting it in accordance with binding authority.

The concurring opinion finds importance in the fact the federal tax evasion statute criminalizes "attempt" while section 19706 does not include the word "attempt" and criminalizes only the completed act.  But *Spies* confirmed the term "attempt" in the federal statute is not the same as the common law concept of attempt.  Rather, as *Spies* explained:  "The attempt made criminal by this statute does not consist of conduct that would culminate in a more serious crime but for some impossibility of completion or interruption or frustration.  This is an independent crime, complete in its most serious form when the attempt is complete, and nothing is added to its criminality by success or

9

consummation, as would be the case, say, of attempted murder." (*Spies*, *supra*, 317 U.S. at pp. 498-499.) Section 19706, which punishes the completed act, is thus substantively the same as the federal statute. Section 19706 does no more than "make[] explicit what the federal courts have read into 26 United States Code section 7201," and, therefore, "section 19706 is substantially identical to 26 United States Code section 7201." (*Mojica*, *supra*, 139 Cal.App.4th at p. 1205.)

The concurring opinion also finds importance in the fact that section 19706 is a wobbler. Were Hudson being prosecuted for misdemeanor tax evasion, that point might be significant. But Hudson is being prosecuted for felony tax evasion. The issue is whether the prosecution presented sufficient evidence at the preliminary hearing to commit Hudson to answer charges of felony tax evasion. Felony tax evasion requires evidence of affirmative conduct (*Spies* acts) from which intent to evade can be inferred.

## III.

### The Absence of Evidence in This Case of Intent to Evade

Here, the only evidence presented at the preliminary hearing was that Hudson did not file tax returns for several years, filed returns only after receiving notice, and did not pay taxes when filing the returns. No evidence of *Spies* acts was presented. Why can't specific intent to evade be inferred from a pattern of failing to file returns? The answer is, *Spies* instructs that is not a permissible inference for tax evasion cases. A pattern of not filing returns might prove that the defendant willfully failed to file a return—the misdemeanor offense under both United States and California law—but more evidence is needed to prove specific intent to evade and to lift the offense from a misdemeanor to a felony. Without evidence of some willful act of commission, there was no "rational ground" (*People v. Chapple* (2006) 138 Cal.App.4th 540, 545), for the magistrate to conclude that Hudson had harbored the requisite intent to evade.

If the prosecution cannot present evidence of *Spies* acts, the defendant does not necessarily go free, but might be guilty of a misdemeanor and/or be subject to a civil

10

penalty. Such result is anticipated by the graduated scheme of penalties for tax evasion under both United States and California law.

## IV.

## Conclusion

An element of a violation of section 19706 is intent to evade any tax. In contrast, the misdemeanor offense of willful failure to file a tax return or provide required information, etc., does not have an element of intent to evade any tax. Section 19706 is substantively identical to the federal tax evasion statute, 26 United States Code section 7201. Section 19706 therefore must be interpreted in line with 26 United States Code section 7201. In *Spies*, the United States Supreme Court held that 26 United States Code section 7201 requires evidence of affirmative conduct, such as keeping double books, making false bookkeeping entries, destruction of records, and concealment of assets, to show attempt to evade. (*Spies*, *supra*, 317 U.S. at p. 499.)

In this case, the prosecution presented no evidence of affirmative conduct, as required by *Spies*. While it might be sufficient in other situations to prove the element of intent (the mens rea) with evidence of the actus reus, that is not the law for tax evasion. Tax evasion is different. In *Spies*, the United States Supreme Court held that evidence of willful commission is necessary for the intent to evade element of the federal tax evasion statute. (*Spies*, *supra*, 317 U.S. at p. 499.) The California tax evasion statutes were modeled on the federal tax evasion statutes and, in particular, section 19706 is substantively identical to its federal counterpart. The California Supreme Court has held that federal decisions interpreting federal tax evasion statutes are "unusually strong persuasive precedent" in interpreting state law counterparts. (*Hagen*, *supra*, 19 Cal.4th at p. 661.) The majority opinion is inconsistent with *Spies*, *Hagen*, and *Mojica*, and places section 19706 at odds with 26 United States Code section 7201.

We, as the Court of Appeal, must therefore interpret section 19706 as requiring evidence of a willful act of commission—a *Spies* act—to prove intent to evade.

11

The prosecution presented no proof of willful acts of commission at the preliminary hearing.  I would issue a writ of mandate directing the trial court to grant Hudson's motion to dismiss the felony charges.


FYBEL, J.